UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAMES PARCHER,

    Petitioner,

-vs-                                                               Case No. 8:09-CV-883-T-30TGW

JUDGE HOLDER, et al.,

    Respondents.
_____/

## ORDER

This cause is before the Court on Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("petition") signed May 3, 2009, and filed May 13, 2009 (Dkt. 1). Petitioner asserts that he is being detained in jail while he awaits trial, and his rights are being denied by the State of Florida and the trial judge in his ongoing criminal case. For relief, Petitioner asks this Court to discharge the state's criminal charges currently pending against Petitioner.

## DISCUSSION

A review of the applicable law and facts demonstrates that, for the following reasons, Petitioner's petition must be DISMISSED.

Petitioner apparently seeks to have this Court intercede in his state criminal case on the basis that he is being denied his constitutional rights. Federal courts cannot intervene in ongoing criminal proceedings except in the most extraordinary circumstances and upon a

clear showing of both great and immediate harm. *Younger v. Harris*, 401 U.S. 37 (1971); *see also, Hicks v. Miranda*, 422 U.S. 332, 349 (1975). The *Younger* court stated:

> [I]t has been perfectly natural for our cases to repeat time and time again that the normal thing to do when federal courts are asked to enjoin pending proceedings in state courts is not to issue such injunctions.
>
> . . .
>
> [W]hen absolutely necessary for protection of constitutional rights, courts of the United States have power to enjoin state officers from instituting criminal actions. But this may not be done, except under extraordinary circumstances, where the danger of irreparable loss is both great and immediate. Ordinarily, there should be no interference with such officers; primarily, they are charged with the duty of prosecuting offenders against the laws of the state, and must decide when and how this is to be done. The accused should first set up and rely upon his defense in the state courts, even though this involves a challenge of the validity of some statute, unless it plainly appears that this course would not afford adequate protection.
>
> . . .
>
> [I]n view of the fundamental policy against federal interference with state criminal prosecutions, even irreparable injury is insufficient unless it is both great and immediate. Certain types of injury, in particular, the cost, anxiety, and inconvenience of having to defend against a single criminal prosecution, could not by themselves be considered 'irreparable' in the special legal sense of that term. Instead, the threat to the plaintiff's federally protected rights must be one that cannot be eliminated by his defense against a single criminal prosecution.

*Younger*, 401 U.S. at 45-46 (citations and quotations omitted).

The *Younger* abstention doctrine does not preclude all federal court involvement any time there may be state proceedings. However, the doctrine does preclude involvement when the following conditions exist: a state judicial action is pending; the pending action

implicates important state interests; and the state action is capable of addressing the federal constitutional question. *See Lee v. City of Rome, Ga.*, 866 F. Supp. 545, 549 (N.D. Ga. 1994) (citing *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 600 (1975)).

In the present case, Petitioner has a state judicial action pending; the pending action implicates important state interests, and the state action is capable of addressing the federal constitutional questions. Therefore, the *Younger* abstention doctrine applies and this Court will not interfere in Petitioner's ongoing state criminal proceedings by dismissing the charges against him.

Accordingly, the Court **ORDERS** that Petitioner's petition for writ of habeas corpus (Dkt. 1) is **DISMISSED**. The Clerk is directed to terminate any pending motions and to close this case.

**DONE** and **ORDERED** in Tampa, Florida on May 18, 2009.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy furnished:
Petitioner *pro se*

3